## GEORGE F. FORNEY
### v.
## JOHN M. THOMPSON.

1. WHEN JUDGMENT WILL BE REVERSED.—Two things are required to reverse a judgment: first, that manifest error has intervened in the proceedings of the court below, and second, that such error has operated prejudicially to the party complaining of it. When either of these requisites is wanting the judgment may be affirmed.

2. INSTRUCTIONS—VERDICT UNDISTURBED.—Although the instructions given on behalf of both parties were argumentative, contradictory and misleading, yet as the court is of opinion that appellee was entitled to a larger verdict than the jury gave him, and appellant having failed to show that he has been wronged by the verdict, the judgment is affirmed.

APPEAL from the County Court of Ford county; the Hon. H. P. KEACH, Judge, presiding. Opinion filed January 22, 1884.

Messrs. TIPTON & MOFFETT, for appellant.

Mr. A. SAMPLE, for appellee.

PER CURIAM. We deem it proper to say in this case that in affirming the judgments of the trial courts, this court is not to be understood as adopting every proposition of law that may be given to the jury by way of instructions in any given case. Two things are required to reverse a judgment: first, that manifest error has intervened in the proceedings of the court below; secondly, such error must have operated prejudicially to the party complaining of it. When either of these requisites is wanting, the judgment may be affirmed. In this case the instructions given to the jury on behalf of both parties, upon the questions as to whether or not there had been any warranty of the machine sold, whether or not there had been any breach of such warranty, and what was the proper measure of damages resulting from such breach, were so numerous, so argumentative, so inartificially drawn and so contradictory of each other, that they could only serve to confuse rather than enlighten the jury upon the law of the case.

Upon looking into the evidence we can not see that any injustice has been done appellant by the verdict. The question as to whether or not the sale was absolute or only conditional was properly left to the jury, upon instructions fully as favorable to him as he could have asked. That fact being found against him, the next one was whether or not there had been a warranty and a breach of it. Upon this point the jury evidently found in his favor, but we think wholly without sufficient evidence. The words spoken of at the time of the sale do not amount to a warranty. The jury deducted from the contract price a larger sum on account of a breach of the warranty than appellee proved he had been damaged by a failure upon appellant's part to cut the oats according to contract. We are therefore of opinion that appellee was entitled to a larger verdict than the jury gave him. Upon any view that can be taken of the case, appellant having failed to show that he has been wronged by the verdict, the judgment will be affirmed.

Judgment affirmed.